UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Junior Agustin Nunez Rodriguez, *Individually
and on behalf of All Other Employees Similarly
Situated,*

Index No._____

                        Plaintiff,

**COMPLAINT**

       -against-

Jury Trial Demanded

Veneca Parking Corp. and its Affiliated Companies,
Juan R. Sanchez, and John Doe a/k/a "Jay",

                      Defendants
------------------------------------------------------------------X

Plaintiff Junior Agustin Nunez Rodriguez ("Plaintiff" or "Rodriguez") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Morrison Tenenbaum, PLLC, hereby files this complaint against the Defendants Veneca Parking Corp., Juan R. Sanchez, John Doe (legal name unknown), a/k/a Jay, (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1. This is a civil action for damages and equitable relief based upon Defendant's willful violations of Plaintiff's rights guaranteed to him by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206(a); (ii) the overtime provisions of the FLSA, 29 U.S.C. § 207(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 and N.Y. Comp Codes R. & Regs ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); (v) the NYLL's requirement that employers provide on each payday proper wage statement to their employees

containing specific categories of accurate information, NYLL § 195(3); (vi) the NYLL's requirement that employers pay employees the required "spread of hours" pay for any day in which the employee worked over 10 hours a day, NYLL § 146(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Rodriguez worked for Defendants – a parking garage, and their principal shareholders and day-to-day overseers – as a parking attendant. During his employment, and as relevant to this Complaint, within the six-year period pre-dating the commencement of this action, Defendants required Rodriguez to work, and Plaintiff did work, at least sixty (60) hours per week. However, Defendants paid Rodriguez an hourly rate of only seven dollars per hour ($7.00/hour), and thus failed to pay him the appropriate minimum wage and failed to pay him overtime compensation for the hours he worked in excess of forty (40) per workweek as required by the FLSA and NYLL.

3. Tips were regularly collected by the individual Defendants, but Defendants regularly withheld payment of tips to Rodriguez and others similarly situated.

4. Additionally, Defendants failed to provide Rodriguez with a proper wage notice at the time of his hiring or with accurate wage statements on each payday as the NYLL requires.

5. Upon information and belief, Defendants paid and treated all of their non-managerial parking attendant employees in the same manner.

6. Accordingly, Rodriguez brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. §216(b), on behalf of himself, individually, and on behalf of all other persons similarity situated during the application FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Rodriguez brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et sq.* The supplemental jurisdiction of the Court if invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 139 (b)(1), as one or more of the Defendants resides in this judicial district, and 28 U.S.C. § 1391 (b)(2), as a substantial part of the acts and/or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

### *Plaintiff*

10. Rodriguez is an adult individual residing in Bronx County, New York.

11. Rodriguez was employed by Defendants from approximately March 4, 2017 until on or about November 11, 2018.

12. At all relevant times to this Complaint, Rodriguez was employed by Defendants as a parking garage attendant at Veneca Parking Corp. or its affiliated companies, located at 1892 Jerome Avenue, Bronx, NY 10453.

13. Rodriguez regularly handled goods in interstate commerce, such as car keys and supplies

necessary to perform his duties as a parking garage attendant.

14. Rodriguez's work duties required neither discretion nor independent judgment.

15. Throughout his employment with Defendants, Rodriguez regularly worked in excess of 40 hours per week.

16. From approximately March 4, 2017 until on or about November 20, 2018, Rodriguez worked from approximately 7:00 a.m. to 4:00 p.m. on Mondays, Tuesdays, Thursdays, and Fridays; and from approximately 7:00 a.m. to 7:00 p.m. on Wednesdays and Saturdays (typically 60 to 65 hours per week).

17. <u>From approximately March 4, 2017 until on or about November 20, 2018, Defendants paid Rodriguez $7.00 per hour.</u>

18. Throughout his employment, Defendants paid Rodriguez in cash and failed to withhold the appropriate amounts for federal and state taxes, and other such deductions required by law.

19. Rodriguez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

20. Defendants never granted Rodriguez break periods of any kind.

21. Tips intended for Rodriguez were not included in his wages.

22. Defendants did not account for these tips in any daily or weekly accounting of Rodriguez's wages.

23. Although Rodriguez was required to keep track of his time, Defendants refused to permit Rodriguez to punch-in and out to record his hours worked.

24. No notification, either in the form of posted notices, or other means, was ever give to Rodriguez regarding wages as required under the FLSA and NYLL.

25. Defendants did not provide Rodriguez with each payment of wages or an accurate statement of wages, as required by NYLL 195(3).

26. Defendants did not give any notice to Rodriguez, in English or in Spanish (Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information required under NYLL §195(1).

### *Defendants*

27. Defendants own, operate and/or control a parking garage located at 1892 Jerome Avenue, Bronx, NY 10453, under the name of Veneca Parking Corp., at all time relevant to this complaint.

28. Upon information and belief, Defendant Veneca Parking Corp. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1892 Jerome Avenue, Bronx, NY 10453.

29. Upon information and belief, Defendant Juan R. Sanchez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

30. Defendant Juan R. Sanchez is sued individually in his capacity as an owner, officer, and/or agent of Defendant Veneca Parking Corp.

31. Upon information and belief, Defendant Juan R. Sanchez possesses or possessed operational control over Defendant Veneca Parking Corp., an ownership interest in Defendant Veneca Parking Corp., or controlled significant functions of Defendant Veneca Parking Corp.

32. Upon information and belief, Defendant Juan R. Sanchez participated in the determination

of wages and compensation of employees, including, Plaintiff Rodriguez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

33. Upon information and belief, Defendant John Doe a/k/a "Jay" is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

34. Defendant John Doe a/k/a "Jay" is sued individually in his capacity as an owner, officer and/or agent of Defendant Veneca Parking Corp.

35. Defendant John Doe a/k/a "Jay" possesses or possessed significant operation control over Defendant Veneca Parking Corp.

36. Defendant John Doe a/k/a "Jay" participated in the determination of wages and compensation for employees, including, Plaintiff Rodriguez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

37. At all relevant times to this Complaint, both individual Defendants, Juan R. Sanchez and John Doe a/k/a "Jay", possessed operational control over Veneca Parking Corp.

38. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

39. Each Defendant possessed substantial control over Rodriguez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Rodriguez, and all similarly situated individuals, referred to herein.

40. Defendants jointly employed Rodriguez, and all similarly situated individuals, and are Rodriguez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

41. In the alternative, Defendants constitute a single employer of Rodriguez and/or similarly situated individuals.

42. Upon information and belief, individual defendants Juan R. Sanchez and John Doe a/k/a "Jay" operate Veneca Parking Corp. as either an alter ego of themselves, and/or fail to operate Veneca Parking Corp. as an entity legally separate and apart from their own self, by, among other things:

    a. Failing to adhere to the corporate formalities necessary to operate Veneca Parking Corp. as a separate and legally distinct entity;

    b. Defectively forming or maintaining Veneca Parking Corp, by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c. Transferring assets and debts freely as among Defendants;

    d. Operating Veneca Parking Corp. for their own benefit as the sole shareholders;

    e. Operating Veneca Parking Corp. for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    f. Intermingling assets and debts for their own with Veneca Parking Corp;

    g. Diminishing and/or transferring assets of Veneca Parking Corp. to protect their own interests; and

    h. Other actions evincing a failure to adhere to the corporate form.

43. At all relevant times, Defendants were Rodriguez's employers within the meaning of the FLSA and the NYLL.

44. Defendants had the power to hire and fire Rodriguez, control the terms and conditions of

employment, and determine the rate and method of any compensation in exchange for Rodriguez's services.

45. In each year from March 4, 2017 to November 20, 2018, Defendants both individually and jointly, had gross annual volume or sales of not less than $500,000.

46. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, on a daily basis, patrons at the business of the Defendants was used to house vehicles registered within and outside of the State of New York, and served customers from within and outside the State of New York.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OR THE FLSA)

47. Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

48. Defendants, in violations of the FLSA, failed to pay Rodriguez overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

49. Defendants' failure to pay Plaintiff Rodriguez overtime compensation was willful within the meaning of 29 U.S.C. § 225 (a).

50. Rodriguez was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAWS)

51. Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

52. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay

Rodriguez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

53. Defendant's failure to pay Rodriguez overtime compensation was willfull within the meaning of N.Y. Lab. Law §663.

54. Rodriguez was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

55. Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants failed to pay Rodriguez on additional hour's pay at the basic minimum wage rate before allowances for each day Rodriguez's spread of hours exceeded ten hours in violation of New York Lab. Law § 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, §137-1.6 and 137-3.11.

57. Defendants failure to pay Rodriguez an additional hour's pay for each day Rodriguez's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law §663.

58. Rodriguez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

59. Rodriguez repeats and re-alleges all paragraphs above as though fully set forth herein.

60. Defendants failed to provide Rodriguez with a written notice, in English and in Spanish

(Rodriguez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL § 195(1).

61.     Defendants are liable to Rodriguez in the amount of $5,000.00 together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

62.     Rodriguez repeats and re-alleges all paragraphs above as though set forth fully herein.

63.     Defendants did not provide Rodriguez with wage statements upon each payment of wages, as required by NYLL §195(3).

64.     Defendants are liable to Rodriguez in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Rodriguez respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Rodriguez and the FLSA class members;

(b)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Rodriguez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(c)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Rodriguez and the FLSA class members;

(d)     Awarding Rodriguez damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Rodriguez liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provision of, and rules and orders promulgated under, the NYLL as to Rodriguez and the members of the FLSA Class;

(g)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Rodriguez and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(h)     Declaring that Defendants' violations of the New York Labor Law were willful as to Rodriguez and the FLSA Class members;

(i)     Awarding Rodriguez damages for the amount of unpaid spread of hours pay and overtime wages, damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(j)     Awarding Rodriguez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(k)     Awarding Rodriguez pre-judgment and post judgment interest as applicable;

(l)     Awarding Rodriguez the expenses incurred in this action, including costs and attorney's fees;

(m)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n)   All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Rodriguez hereby demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 1, 2019

**MORRISON TENENBAUM PLLC**

By: Lawrence F. Morrison, Esq.
87 Walker Street, Second Floor
New York, NY 10013
Tel: (212) 620-0938
Fax: (646) 390-5095
*Attorneys for Plaintiff*

To:     CLERK OF COURT

I hereby consent to join this lawsuit as a party plaintiff.

(Yo, por medio de este document, doy mi consentimiento para forma parte de la demanda como uno de los demandantes.)

        Name / Nombre:        Junior Augustin Nunez Rodriguez

        Legal Representative/ Abogado:    Morrison Tenenbaum PLLC

        Signature / Firma:      *[signed] Junior A Nunez*

        Date / Fecha:        January 29, 2018 / 29 de enero de 2019