```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUNIOR AGUSTIN NUNEZ RODRIGUEZ,
Individually and on behalf of All Other
Employees Similarly Situated,

                          Plaintiff,

           -against-

VENECA PARKING CORP., ET AL.,

                          Defendants.
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/25/21_____

19-CV-1072 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Lawrence F. Morrison (of Morrison Tenenbaum PLLC) ("Morrison") has moved to withdraw his representation of Plaintiff Junior Agustin Nunez Rodriguez ("Plaintiff" or "Nunez Rodriguez").  Morrison bases this request on a sustained lack of cooperation and communication from Nunez Rodriguez, which Morrison claims has left him no choice but to withdraw.  For the reasons set forth below, Morrison's motion is GRANTED.

## BACKGROUND

On February 4, 2019, Plaintiff filed a complaint against his former employers, Veneca Parking Corporation, Juan Sanchez, and John Doe (also known as "Jay"), alleging several violations of federal and state law, including the minimum wage provisions of the Fair Labor Standards Act and the overtime provisions of the New York Labor Law.  (Compl. ¶ 1, ECF No. 1.)  Because Defendants failed to appear, the Clerk of Court entered Certificates of Default against each Defendant on June 19, 2019.  (ECF Nos. 19, 20, 21.)

On August 2, 2019, Plaintiff moved for default judgment against all Defendants.  (ECF No. 24.)  The Clerk of Court terminated that motion as deficient.  On October 8, 2019, the

Clerk of Court entered a notice on the docket, notifying Plaintiff to refile the motion in compliance with ECF rules.   Over the course of nine months, Plaintiff did not do so.   On July 14, 2020, Judge Laura Swain ordered Plaintiff to refile the motion correctly.   (ECF No. 26.) After Plaintiff failed to do so, this Court ordered Plaintiff to refile.[1]   (ECF No. 27.)

On December 14, 2020, instead of refiling the motion for default judgment, Morrison filed a motion to withdraw as Plaintiff's counsel, along with a supporting declaration stating that Nunez Rodriguez had been "unresponsive" to counsel's communications "[f]or at least one year." (ECF No. 28; Morrison Decl. ¶ 3, ECF No. 30.)   On December 18, 2020, the Court ordered Morrison to file a second affidavit providing further information as to his contacts with Nunez Rodriguez.   (ECF No. 31.)   The Court also ordered Nunez Rodriguez to respond in writing to the motion to withdraw.   (*Id.*)   On December 30, 2020, Morrison filed the requisite affidavit. (ECF No. 33.)   Nunez Rodriguez has not responded to the motion.

## DISCUSSION

Motions to withdraw are governed by Local Civil Rule 1.4, which provides that an attorney may not withdraw without leave of the Court.   S.D.N.Y. Local. R. 1.4.   Such an order may be granted "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."   *Id.*   The decision whether to grant a motion to withdraw is within the "sound discretion of the trial court." *Marciano v. DCH Auto Grp.*, 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016) (Karas, J.) (quotation omitted).

A client's failure to cooperate with counsel is a "satisfactory reason" for withdrawal.

---

[1] On September 21, 2020, the case was reassigned from Judge Swain to this Court.

2

*Liang v. Lucky Plaza Rest.*, 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (Crotty, J.); *see Marciano*, 2016 WL 11703590, at *1 (quoting *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014)) (stating that "[s]atisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel").

In this case, Morrison's first declaration states that, "[f]or at least one year, Plaintiff Nunez Rodriguez has been unresponsive to all inquiries by our firm, including multiple phone calls and messages."  (Morrison Decl. ¶ 3.)  Morrison's second affidavit confirms that Morrison has not been able to communicate with Nunez Rodriguez following the August 2019 motion for default judgment.  (Morrison Aff. ¶ 1(b), ECF No. 33.)  Morrison did not believe that it would be appropriate to be refile the motion for default judgment without such communication, because he had learned through a former client, who was acquainted with Nunez Rodriguez, that "Plaintiff and Defendant were in direct talks" and that there had been possible talks of a "cash settlement."  (*Id.* ¶¶ 1(a), (c).)  According to Morrison, Nunez Rodriguez's "unresponsiveness makes it impossible for [Morrison] to continue to represent [Nunez Rodriguez] in this action."  (Morrison Decl. ¶ 3.)

In light of the extensive lack of communication between Morrison and Nunez Rodriguez, spanning over a year, Morrison has demonstrated a satisfactory reason for withdrawal.  *See Liang*, 2013 WL 3757036, at *2 (granting withdrawal because of failure to cooperate for approximately seven months); *see also In re Fosamax Prod. Liab. Litig.*, 2012 WL 2122166, at *2 (S.D.N.Y. June 12, 2012) (Keenan, J.) (stating that an "extended failure" to cooperate with prosecution of the action "creates a *prima facie* case for withdrawal under Local Civil Rule 1.4").

In addition, the Court must consider "the posture of the case" and whether withdrawal will disrupt the prosecution of the suit.  *Marciano*, 2016 WL 11703590, at *2 (quoting *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999)).  Courts evaluating this factor have found

3

prejudice to be "unlikely" when discovery has not closed and the case is not "on the verge of trial readiness."  *Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (Furman, J.); *see Marciano*, 2016 WL 11703590, at *2 (collecting cases).

Here, no discovery has been taken and the case is not calendared for trial.   Indeed, prosecution of the case has been stagnant for well over a year, with no meaningful developments in the case since the August 2019 filing of a deficient motion for default judgment.   In these circumstances, withdrawal will not further disrupt prosecution of the case nor prejudice Nunez Rodriguez.

Finally, Morrison has asserted a charging lien and does not assert a retaining lien. (Morrison Decl. ¶ 6.)   At this stage, however, the record is not sufficient to determine whether Morrison has satisfied the "good cause" standard applicable to charging liens.   *See Hallmark Capital Corp. v. Red Rose Collection, Inc.*, 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997) (Peck, J.) ("Under New York law, if an attorney withdraws without 'good cause' ... he loses his charging lien.").   In addition, there is no indication of a fee dispute between Morrison and Nunez Rodriguez.   Accordingly, as stated in the December 18, 2020 Order, the Court reserves judgment and abstains from deciding any issue with respect to attorney's fees.   *See Marrero v. Christiano*, 575 F.Supp. 837, 839-40 (Motley, C.J.) (permitting counsel to withdraw but reserving decision with respect to charging lien).   *See also Hallmark Capital Corp.*, 1997 WL 661146, at *4, *4 n.3 (reserving decision as to the exercise of ancillary jurisdiction over fee dispute when neither counsel nor client had moved for resolution of such dispute).

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1. Morrison's motion to withdraw is GRANTED.   The Clerk of Court is respectfully requested to terminate Morrison's representation on the electronic docket and to terminate the motion at

ECF No. 28.

2. Morrison is directed to serve a copy of this Order on Nunez Rodriguez.

3. On or before March 5, 2021, Nunez Rodriguez shall inform the Court, in writing, whether he intends to proceed *pro se* or to seek new representation.

The Court notes that there has been no meaningful progress in prosecuting this case since August 2019 and that Plaintiff has failed on more than one occasion to comply with the Court's orders. (*See, e.g.*, ECF Nos. 26-27.) In addition, the Court previously notified Plaintiff that a failure to comply with Court orders may result in the case being dismissed. (ECF No. 27.)

**ACCORDINGLY, PLAINTIFF IS HEREBY NOTIFIED THAT FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THIS CASE BEING DISMISSED FOR FAILURE TO PROSECUTE**.

SO ORDERED.

Dated: New York, New York
January 25, 2021

/s/ *Kimba M. Wood*
KIMBA M. WOOD
United States District Judge