```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```

JUNIOR AGUSTIN NUNEZ RODRIGUEZ,
Individually and on behalf of All Other
Employees Similarly Situated,

                              Plaintiff,

    -against-

VENECA PARKING CORP., ET AL.,

                              Defendants.

```
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/17/21_____

19-CV-1072 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Plaintiff Junior Agustin Nunez Rodriguez ("Plaintiff" or "Nunez Rodriguez") filed a complaint against his former employers, alleging violations of state and federal wage and overtime laws. For over a year, since the entry of Certificates of Default against each Defendant, there has been no meaningful prosecution of this action. For the reasons set forth below, the action is DISMISSED for failure to prosecute.

## BACKGROUND

      On February 4, 2019, Plaintiff filed a complaint against his former employers, Veneca Parking Corporation, Juan Sanchez, and John Doe (also known as "Jay") (collectively, "Defendants"), alleging several violations of federal and state law, including the minimum wage provisions of the Fair Labor Standards Act and the overtime provisions of the New York Labor Law. (Compl. ¶ 1, ECF No. 1.) Because Defendants failed to appear, the Clerk of Court entered Certificates of Default against each Defendant on June 19, 2019. (ECF Nos. 19-21.)

      On August 2, 2019, Plaintiff moved for default judgment against all Defendants. (ECF No. 24.) The Clerk of Court terminated that motion as deficient. On October 8, 2019, the

Clerk of Court entered a notice on the docket, notifying Plaintiff to refile the motion in compliance with ECF rules. Over the course of nine months, Plaintiff did not do so. On July 14, 2020, Judge Laura Swain ordered Plaintiff to refile the motion correctly. (ECF No. 26.) After Plaintiff failed to do so, this Court also ordered Plaintiff to refile.[1] (ECF No. 27.)

On December 14, 2020, instead of refiling the motion for default judgment, Plaintiff's counsel Lawrence F. Morrison filed a motion to withdraw as counsel. In declarations supporting that motion, Morrison attested that Nunez Rodriguez had been "unresponsive" to counsel's communications "[f]or at least one year." (ECF No. 28; Morrison Decl. ¶ 3, ECF No. 30.) Morrison also stated that he had been unable to communicate with Nunez Rodriguez following the August 2019 motion for default judgment. (Morrison Aff. ¶ 1(b), ECF No. 33.)

On January 25, 2021, the Court granted Morrison's motion to withdraw. (Jan. 25, 2021 Op. at 5, ECF No. 35.) Nunez Rodriguez was ordered to inform the Court by March 5, 2021, in writing, whether he intended to proceed *pro se* or to seek new representation. (*Id.* at 5.) The Court noted that there had been no meaningful developments in this action since August 2019, and that Plaintiff had failed on more than one occasion to comply with the Court's orders. (*Id.* at 4.) In addition, the Court notified Nunez Rodriguez that "failure to comply with this order will result in this case being dismissed for failure to prosecute." (*Id.* at 5.) Since issuing the January 25, 2021 order, the Court has not received any correspondence from Nunez Rodriguez.

## DISCUSSION

Federal Rule 41(b) authorizes district courts to dismiss an action when a plaintiff "fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Although the rule explicitly addresses situations in which defendants move for dismissal, "it is unquestioned that

---

[1] On September 21, 2020, the case was reassigned to this Court.

2

Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Dismissal is a "harsh remedy" that is appropriate only in "extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Courts also should be "especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Id.*

Courts consider five factors when deciding whether to dismiss an action for failure to prosecute: (1) the duration of the failure to comply with a court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether there may be a sanction less drastic than dismissal. *Id.* No individual factor is dispositive. *Id.* On balance, as explained below, the Court holds that consideration of these factors weighs heavily in favor of dismissal.

First, when considering the duration of the failure(s) to comply with court orders, courts determine "whether the failures to prosecute were those of the plaintiff" and "whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Here, both elements support dismissal. The failure to prosecute was caused by Plaintiff, who failed several times to comply with orders directing Plaintiff to file a corrected motion for default judgment. (*See, e.g.*, ECF Nos. 26-27.) In addition, according to two affidavits from his former counsel, Nunez Rodriguez did not respond to communications from counsel for over a year after the initial, defective filing of the motion. (Morrison Decl. ¶ 3; Morrison Aff. ¶ 1(b).) The duration of the failure to prosecute is significant, because it has delayed resolution of this case for more than 15 months. *See Chira v. Lockheed Aircraft Corp.*,

634 F.2d 664, 666 (2d Cir. 1980) (holding that dismissal was appropriate when plaintiff failed to prosecute the case for six months).

Second, Plaintiff was on notice that failure to comply with court orders would result in dismissal.   On November 12, 2020, Plaintiff was ordered to refile the motion for default judgment in compliance with ECF rules and was "further notified that failure to comply with this Order may result in the case being dismissed."   (ECF No. 27.)   On January 25, 2021, when Plaintiff's former counsel was permitted to withdraw, Plaintiff was directed to inform the Court whether he intended to seek new representation or to proceed *pro se*.   (Jan. 25, 2021 Op. at 5.) Plaintiff was informed, in capitalized and bold font, that "failure to comply with this order will result in this case being dismissed for failure to prosecute."   (*Id.*)   Consideration of the notice factor supports dismissal.

Third, Defendants will not be prejudiced by further delay, because they have been absent from this litigation since its inception more than two years ago.   No Defendant has responded to the Complaint or entered an appearance in this case, and the Clerk of Court entered Certificates of Default with respect to each Defendant in June 2019.   (ECF Nos. 19-21.)   Accordingly, consideration of this factor does not support dismissal.

Fourth, weighing the Court's calendar congestion and Plaintiff's due process rights supports dismissal.   As discussed above, the Court has issued multiple orders relating to Plaintiff's failure to prosecute and has devoted considerable attention to this case.   In addition, because Plaintiff was responsible for the failure to prosecute and was on notice of the potential consequences of such failure, dismissal will not result in the denial of due process rights.   *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (finding no deprivation of appellant's right to due process when "[t]he circumstances reveal[ed] that appellant certainly knew what the consequences would be for its failure to cooperate in completing discovery").

4

Fifth, because Plaintiff has disregarded the Court's orders on numerous occasions, a lesser sanction than dismissal is not likely to be effective.   Consideration of this factor supports dismissal.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED for failure to prosecute.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Nunez Rodriguez at the address provided by his former counsel in the January 26, 2021 certificate of service.   (*See* ECF No. 36.)

The Clerk of Court is respectfully directed to close this case.   All pending motions are moot.

SO ORDERED.

Dated:  New York, New York
       March 17, 2021                                  */s/ Kimba M. Wood*
                                                     KIMBA M. WOOD
                                                  United States District Judge